WRIGHT, J.
To the jury. The first issue presents the single ‘^question, whether the defendants executed the note read in [539 •evidence. There is no dispute but that on this issue your verdict -should be for the plaintiffs.
*554 The second issue raises two questions: First, was Watson the-principal debtor, and the other signers of the note his sureties? Second, did the plaintiffs give time to Watson to pay the money,, beyond that stipulated in the note, without the consent of the sureties ? All the signers of the note appear on its face as principals— it is their joint note. The defendants undertake to prove to you, that Watson was the principal debtor, and the other signers only security, and the giving time to the principal debtor withouttheir consent. Our law permits them to do so, and if the evidence does not satisfy on both these points, their defence fails altogether. The endorsement is relied upon to establish both propositions. It shows that further time of thirty days was given. The only remaining question is, was this time given without the consent of the defendants? In the body of this note there is a written consent or stipulation, that the payee may give time for thirty days at a time, upon receiving fifteen dollars in advance, and that this may be continued at the pleasure of the holder of the note. This is the-legal construction of the note, and therefore the time given, which is shown by the endorsement, was with the consent of the defendants, according to their written agreement.
Verdict for the plaintiffs — Reserved to the Court in Bank on the question of interest: (See 6 O. 510.)
[Extension of time without consent of surety; Jenkins v. Clarkson, 7 O. 1st pt. 72, 74; Thompson v. Marshall, 3 W. L. M. 386, 388, 389. Presumption as to blank endorsement; ib. 387.]